IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRE NEWTON, et al.,

    Plaintiffs,

v.                                          CASE NO. 22-3011-SAC

D. HUDSON, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

    This civil rights case is brought by nineteen plaintiffs, all of whom are in custody at USP-Leavenworth in Leavenworth, Kansas ("USPL"). On January 14, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiffs until February 10, 2022, in which to show good cause why the Complaint should not be dismissed. None of the Plaintiffs have responded by the Court's deadline.

    The Court noted in the MOSC that the Complaint is not on a court-approved form and makes vague, conclusory allegations regarding medical care at USPL. The Complaint is worded as a notice to the Warden and the only relief requested is to have the Warden "bring forth all of my past due sick calls, request forms, and administrative remedies – informal resolution grievance process to the table immediately." (Doc. 1, at 3.)

    The Court found in the MOSC that although the Complaint purports to be a Fed. R. Civ. P. 23 class action, this action has not been certified as a class action and no Plaintiff is serving as class representative. *See* Fed. R. Civ. P. 23. The Court also found that the Complaint fails to state a claim for relief. It is worded like a notice and fails to include any factual support for the claims. It fails to refer to each defendant in the body of the Complaint and fails to allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and

circumstances. The Complaint fails to allege sufficient additional facts to show a federal constitutional violation.

The Court also found that the Complaint includes unrelated claims, and there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials").

Plaintiffs have failed to respond to the MOSC by the Court's deadline and have failed to show good cause why the Complaint should not be dismissed. The MOSC provides that "[f]ailure to show good cause why this Complaint should not be dismissed by the Court's deadline may result in dismissal of this action without further notice." (Doc. 3, at 9.)

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated February 14, 2022, in Topeka, Kansas.**

                                              **s/ Sam A. Crow**
                                              **Sam A. Crow**
                                              **U.S. Senior District Judge**